RECEIVED

DEC 14 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-00214-02 |
| VERSUS | JUDGE FOOTE |
| (02) DAVID SMITH | MAGISTRATE JUDGE HORNSBY |

### PLEA AGREEMENT

A.    INTRODUCTION

1. This document contains the complete plea agreement between the government and DAVID SMITH the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.    THE DEFENDANT'S OBLIGATIONS

1. DAVID SMITH shall appear in open court and plead guilty to Count One (Criminal Conspiracy) and Count Two (False Statement) of the Indictment pending in this case.

C.  THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all of his obligations and agreements under this plea agreement, the government agrees to dismiss the remaining count(s) of the Indictment at sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation that forms the basis of the Indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D.  SENTENCING

DAVID SMITH understands and agrees that:

1. The maximum punishment for Count One (Criminal Conspiracy) is a term of imprisonment of not more than five (5) years (pursuant to 18 U.S.C. §371) and a fine of not more than $250,000 (pursuant to 18 U.S.C. §3571), or both;

2. The maximum punishment for Count Two (False Statement) is a term of imprisonment of not more than five (5) years (pursuant to 18 U.S.C. §1001) and a fine of not more than $250,000 (pursuant to 18 U.S.C. §3571), or both;

3. The defendant shall be required to pay a special assessment of $200 **at**

**the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

4. As to Count One, the defendant may receive a term of supervised release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

5. As to Count Two, the defendant may receive a term of supervised release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

6. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

7 The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant had successfully completed;

8. In addition to the penalties set forth in the preceding paragraphs, the Court shall order restitution in this case, and the defendant agrees that notwithstanding any recommendations by the parties in this plea agreement, restitution in this case may not be limited to the amounts or victims referred to in the specific charge(s) to which the defendant has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation

Office as contained in the presentence report;

9. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection to the prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(i)(2), or 18 U.S.C. § 3613(f);

10. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, that the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution;

11. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

12. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

13. The sentencing judge alone will decide what sentence to impose; and,

14. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea that is the subject of this agreement.

E.  NON-BINDING GUIDELINES LOSS RECOMMENDATION

1. The government and DAVID SMITH recommend that DAVID SMITH be assessed loss of $8,684,722.25 under United States Sentencing Guidelines, Section 2B1.1.

2. The government and DAVID SMITH acknowledge that the loss recommendation from the parties is not binding on the Court and that loss shall be determined by the Court.

F.  NON-BINDING RESTITUTION RECOMMENDATION

1. The government and DAVID SMITH recommend that DAVID SMITH be assessed restitution of $35,398,761.00 to be made payable to the victim, the United States Government.

2. The government and DAVID SMITH acknowledge that the restitution recommendation from the parties is not binding on the Court and that restitution shall be determined by the Court.

3. The defendant acknowledges that the Court may order that restitution be joint and severable with other defendants in this case.

G.  GLOBAL DISPOSITION

1. The defendant acknowledges that the pending state case of *State of Louisiana v. DAVID SMITH*, (Case No. 87,107) is not the subject matter of this plea agreement. Neither the State of Louisiana nor the District Attorney for the Louisiana 26th Judicial District Court (Webster/Bossier Parish) (hereinafter District Attorney) is a party to this plea agreement. Notwithstanding, the parties

acknowledge that the District Attorney has agreed to reach an agreement with the defendant to dispose of the pending state case as part of a global disposition.

2. The defendant and the government recommend that any sentence imposed by the Court be ordered to run concurrent with any sentence imposed by the above-referenced state matter.

3. The government and DAVID SMITH acknowledge that recommendations from the parties regarding consecutive or concurrent sentences are not binding on the Court and concurrent and consecutive sentences shall be determined by the Court.

H. COOPERATION

1. The defendant agrees to cooperate fully and truthfully in the government's investigation into this and any other criminal matter about which the defendant has knowledge.

2. Cooperation shall include, but is not limited to, testifying before the Grand Jury or at trial if requested. The defendant understands that his failure to testify truthfully can result in the defendant being prosecuted for perjury or giving false statements and in the government withdrawing from this plea agreement.

3. The defendant understands that while he is being offered use immunity for all prospective statements to law enforcement agents and testimony given as a result of this agreement, such statements and testimony are subject to the penalties of perjury and giving false statements if not completely honest and factual, and that this plea agreement can be withdrawn if the defendant makes false statements or

substantially misrepresents his role in the offense.

4. At or before the time of sentencing, the government will advise the Court of any assistance provided by the defendant.

5. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event the defendant provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.

6. It is understood and agreed that a motion for departure shall not be made under any circumstances unless the defendant's cooperation is deemed "substantial" by the United States Attorney. The government has made <u>no</u> promise, implied or otherwise, that the defendant will be granted a "departure" for "substantial assistance." Further, <u>no</u> promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects but has been unable to provide "substantial assistance."

7. It is understood that even if a motion for departure is made by the government, based upon the defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the Court.

I. <u>DEPARTURES AND VARIANCES</u>

Excepting the joint non-binding recommendations above, the parties reserve the right to present evidence and argument for any departures under the Guidelines or variances under 18 U.S.C. § 3553(a).

J.  **DISCLOSURE OF FINANCIAL INFORMATION**

    1.    DAVID SMITH agrees to disclose fully all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or third party.

    2.    DAVID SMITH agrees to provide the United States Probation Office and the United States Attorney's Office with a signed, sworn financial statement, which accurately reflects the DAVID SMITH's financial condition, within two weeks after entering the plea contemplated by this agreement. DAVID SMITH further agrees that this financial statement will be made in a form provided by or acceptable to the United States Attorney. Additionally, the defendant will give the United States Attorney's Office and the Probation Office access to the DAVID SMITH's bank records, tax records, and other financial records and does now waive any rights to financial privacy that DAVID SMITH may have under federal or state statutes or regulations.

    3.    DAVID SMITH also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

    4.    DAVID SMITH expressly authorizes the U.S. Attorney's Office to obtain a credit bureau report on him and agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing.

K.     <u>REINSTATEMENT OF ORIGINAL INDICTMENT</u>

1.     DAVID SMITH understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

L.     <u>SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT</u>

I have read this plea agreement and have discussed it fully with my client, DAVID SMITH. It accurately and completely sets forth the entire plea agreement. I concur in DAVID SMITH pleading guilty as set forth in this plea agreement.

Dated: 12/14/17

_____
H. LYN LAWRENCE
Counsel for Defendant

_____
CHRISTOPHER M. STAHL
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead

guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 12/14/2017

_____
DAVID SMITH
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 12/14/2017

_____
EARL M. CAMPBELL
Assistant United States Attorney