```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF LOUISIANA
 2                         SHREVEPORT DIVISION


 3


 4   UNITED STATES OF AMERICA        :   CRIMINAL DOCKET
                                     :   No. 5:16-cr-00214-02
 5   VERSUS                          :
                                     :
 6   DAVID SMITH                     :
     .. .. .. .. .. .. .. .. .. .. .. .:
 7


 8


                      OFFICIAL TRANSCRIPT OF PROCEEDINGS
 9                         CHANGE OF PLEA HEARING
                   BEFORE THE HONORABLE MARK L. HORNSBY
10                  UNITED STATES MAGISTRATE JUDGE
                      14 DECEMBER 2017, 2:00 P.M.
11                       SHREVEPORT, LOUISIANA


12


13   APPEARANCES


14   FOR THE GOVERNMENT:   AUSA EARL M. CAMPBELL
                           U.S. Attorney's Office
15                         300 Fannin Street, Suite 3201
                           Shreveport, Louisiana  71101-3068
16
     FOR THE DEFENDANT:    MR. CHRISTOPHER MICHAEL STAHL
17                         MR. HOWARD LYN LAWRENCE, JR.
                           Law Office of Christopher M. Stahl
18                         3985 Airline Drive
                           Bossier City, Louisiana  71111
19


20


21
     Reported by:  Barbara A. Simpson, RPR, CRR
22                 Federal Official Court Reporter
                   300 Fannin Street, Room 4209
23                 Shreveport, Louisiana  71101
                   Phone:  (318)415-8839
24
     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
25   PRODUCED BY COMPUTER.
```

1              14 DECEMBER 2017

2          (Court called to order, defendant present)

3          THE COURT:  Thank you.  Be seated, please.  The next

4   matter is *United States versus David Smith,* 16-cr-214.  Mr.

5   Campbell is here for the Government, and Mr. Lawrence and

6   Mr. Stahl are here as retained counsel for Mr. smith.

7       Good afternoon, Mr. Lawrence and Mr. Stahl.

8          MR. LAWRENCE:  Good afternoon, Judge.

9          MR. STAHL:  Good afternoon, Your Honor.

10         THE COURT:  And Mr. Smith, David Smith, is also

11  present.

12      Counsel, would you come up with your client to the corner

13  mic here, please.

14         (Counsel and defendant approach the microphone.)

15         THE COURT:  Mr. Smith, when you were in court with me

16  before, you entered a not guilty plea to all of the charges

17  against you in this federal case.

18      The lawyers have presented me with documentation that you

19  have now reached an agreement with the Government and —— to

20  plead guilty to Counts 1 and 2; and in exchange, among other

21  thing,s they're going to dismiss the remaining counts against

22  you at sentencing.  Is that correct?

23         THE DEFENDANT:  Yes.

24         THE COURT:  All right.

25      Mr. Campbell, on behalf of the Government, do you have a

1   fully executed plea package to tender to the Court for filing?

2          MR. CAMPBELL:  Yes, Your honor.

3       At this time the Government will submit to the Court a

4   Rule 11 package, which includes a copy of the indictment, the

5   redacted version; the Plea Agreement, which was executed by all

6   parties; Elements of the Offense; Understanding of Maximum

7   Penalties and Constitutional Rights; a brief factual basis,

8   which was also executed by all parties involved; and a Consent

9   to Proceed before US Magistrate Judge.

10          THE COURT:  All right.  If you'll tender that to Ms.

11   Keller for filing.

12          (Mr. Campbell hands documents to the Clerk)

13          THE COURT:  All right.  All of the Rule 11 package

14   has been properly executed and I order that to be filed.

15       If you'll hand that package to Counsel so that as we go

16   through and I ask Mr. Smith, he'll be able to verify his

17   original signature on the paperwork.

18       All right, Mr. Smith.  Before the Court can accept your

19   guilty plea, there is a long series of questions that I have to

20   ask you under oath in order to make sure that you understand

21   what you're doing and understand the consequences of what

22   you're doing.

23       So, Ms. Keller, would you swear in Mr. Smith, please.

24          (The Defendant sworn by the Clerk.)

25          THE COURT:  All right, Mr. Smith.  You are under

1    oath.  Your answers to my questions must be truthful.  If

2    they're not truthful, you are subject to additional penalties

3    for perjury.  Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  All right.  If you don't understand a

6    question at any time, if you need me to repeat it or rephrase

7    it, I'll be glad to do that.  If you need a break to speak with

8    Counsel, all you've got to do is just ask, and I'll be glad to

9    take a break for you to do that.  Okay?

10             THE DEFENDANT:  Thank you, Your Honor.

11             THE COURT:  Let's see.  Let's take up a preliminary

12   issue first.

13        Mr. Smith, this matter is assigned to Judge Beth Foote.

14   She is the United States district judge assigned to your case.

15   I am the magistrate judge assigned to your case.  But normally

16   Judge Foote would be here to receive your, accept your guilty

17   plea today.  But she is in court on other matters; and instead

18   of delaying the matter any further, the lawyers contacted me

19   and asked if I would be willing to take the guilty plea.  And

20   of course, I'm more than happy to do so, and I can do that as

21   long as I have your consent to do so.

22        So I want to advise you that you have the right to wait

23   and enter your guilty plea before Judge Foote at a future date

24   or you can waive that right and go forward with your guilty

25   plea before me today.  But in either event, it's going to be

```
 1    Judge Foote who determines what your punishment is going to be.

 2    It's not going to be me; my role is going to be limited to

 3    receiving your guilty plea today.  Do you understand that?

 4              THE DEFENDANT:  Yes, Your Honor.

 5              THE COURT:  Do you wish to go forward and waive your

 6    right to Judge Foote and enter your guilty plea before me

 7    today?

 8              THE DEFENDANT:  I do, Your Honor.

 9              THE COURT:  All right.  Part of the package there,

10    Mr. Lawrence, I believe, is the last two pages is the Consent

11    to Proceed before Magistrate Judge and Waiver of Objections to

12    my report and recommendation.

13        Do you have that there, Mr. Lawrence?

14              MR. LAWRENCE:  I do, Your Honor.

15              THE COURT:  All right.  If you'll turn to the second

16    page.

17        Mr. Smith, is that your signature on that page?

18              THE DEFENDANT:  Yes, it is, Your Honor.

19              THE COURT:  Did you read that document before you

20    signed it?

21              THE DEFENDANT:  Yes, I did, Your Honor.

22              THE COURT:  Do you agree with everything that's in

23    it?

24              THE DEFENDANT:  Yes, I do.

25              THE COURT:  The last paragraph of the document
```

1    contains a clause where you waive the right to object to my

2    recommendation to Judge Foote that she accept your guilty plea.

3        What that means is:  When we're finished here today, I am

4    going to accept your guilty plea and recommend that she do the

5    same.  And you are giving up any time period to object to that.

6    So Judge Foote, if she chose to do so, could immediately sign a

7    piece of paper, an order adopting my recommendation that your

8    guilty plea be accepted.

9        Do you understand that you are waiving that period of

10   objections and that Judge Foote could immediately adopt my

11   recommendation and enter your guilty plea?

12             THE DEFENDANT:  Yes, I do, Your Honor.

13             THE COURT:  All right.  Let's get some basics.  Give

14   me your full name.

15             THE DEFENDANT:  David Alan Smith.

16             THE COURT:  And how old are you, Mr. Smith?

17             THE DEFENDANT:  62.

18             THE COURT:  How far did you go in school?

19             THE DEFENDANT:  College, university.

20             THE COURT:  All right.  Do you have any trouble

21   understanding, reading and writing the English language?

22             THE DEFENDANT:  No, I don't, Your Honor.

23             THE COURT:  Are you under the influence of any drugs,

24   medicines, alcohol, or any substances whatsoever that might

25   interfere with your ability to understand what's going on in

1    court today?

2              THE DEFENDANT:  No, I am not, Your Honor.

3              THE COURT:  And are you feeling well and alert?

4              THE DEFENDANT:  Yes, I am, Your Honor.

5              THE COURT:  Do you have any mental or physical

6    problems that might interfere with your ability to participate

7    in our proceedings today?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Mr. Lawrence, do you or Mr. Stahl have

10   any questions yourself about Mr. Smith's competency to enter a

11   guilty plea today?

12             MR. LAWRENCE:  None at all, Judge.

13             MR. STAHL:  No, Your Honor.

14             THE COURT:  All right.  Mr. Smith, you, as I said a

15   moment ago, when you were in court with me before, you entered

16   a not guilty plea to all of the charges against you.  You have

17   the right to stand on that prior not guilty plea and to go to

18   trial.  If you went to trial, you are presumed innocent of the

19   charges against you.  You don't have to prove your innocence.

20   You don't have to prove anything.  It is the Government that

21   has the burden of proof beyond a reasonable doubt.  They have

22   to meet that burden in order for you to be convicted on these

23   charges.

24        Do you understand that?

25             THE DEFENDANT:  Yes, I do, Your Honor.

1          THE COURT:  If you -- if you went to trial, you would

2     have the right to a 12-person jury, and in order to convict

3     you, the decision of the jury would have to be unanimous.  Do

4     you understand that?

5          THE DEFENDANT:  Yes, I do, Your Honor.

6          THE COURT:  At your trial, if you went to trial, you

7     would have the right to call witnesses on your behalf, you

8     could subpoena witnesses to force them to come to court if you

9     didn't believe they were willing to come voluntarily and you

10    could confront and cross-examine any government witnesses

11    against you.  You could also take the witness stand yourself

12    and be a witness in your own case, but you have a privilege

13    against self-incrimination.  No one can force you to be a

14    witness in your own case.  Do you understand that you have all

15    of those rights?

16         THE DEFENDANT:  Yes, I do, Your Honor.

17         THE COURT:  By entering a guilty plea today, you are

18    waiving those rights; there will be no trial and you will be

19    convicted of this, the offenses in Counts 1 and 2, based on the

20    entry of your guilty plea today.

21      Do you understand that?

22         THE DEFENDANT:  Yes, I do, Your Honor.

23         THE COURT:  Also by entering a guilty plea today, you

24    will have to waive your privilege against self-incrimination

25    because in order to accept your guilty plea today, you will

 1    have to incriminate yourself, you'll have to admit that you are

 2    in fact guilty of these two offenses.

 3         Do you understand that?

 4              THE DEFENDANT:  Yes, I do, Your Honor.

 5              THE COURT:  You also have the right to an attorney at

 6    all stages of the proceedings; and if you cannot afford an

 7    attorney, the Court can appoint an attorney for you for free at

 8    any point in the process.  You are represented by Mr. Lawrence

 9    and Mr. Stahl and they are your retained counsel in the case.

10         Let me ask you:  Do you believe you have had enough time

11    to visit with your attorneys about this matter?

12              THE DEFENDANT:  Yes, I do, Your Honor.

13              THE COURT:  And are you satisfied with their advice?

14              THE DEFENDANT:  Yes, I am.  Thank you.

15              THE COURT:  All right.  The plea agreement says that

16    you are pleading guilty to Counts 1 and 2.  Can you tell me in

17    your own words what you are pleading guilty to in Count 1?

18              THE DEFENDANT:  The conspiracy involving the storage

19    and use of the M6 explosives.

20              THE COURT:  Right.  The criminal conspiracy is Count

21    1.

22         And Count 2, in your own words, what are you pleading

23    guilty to?

24              THE DEFENDANT:  The false statement of the end use

25    certificates that came in.

1          THE COURT:  All right.  One of the three or four

2   pages in your plea package there that go over the elements of

3   the offense, and I want to go over those with you because this

4   is what the Government would have to prove beyond a reasonable

5   doubt in order for you to be convicted of these charges that

6   you are pleading guilty to today if you wanted to go to trial.

7          All right.  This is a Count 1, criminal conspiracy.  A

8   conspiracy is an agreement between two or more persons to join

9   together to accomplish some unlawful purpose.  It's kind of a

10  partnership in crime in which each member becomes the agent of

11  every other member.  To be found guilty of this crime, the

12  Government must prove each of the following beyond a reasonable

13  doubt.  First, that you and at least one other person made an

14  agreement to defraud the Government or one of its agencies as

15  charged in the indictment.  Second, that you knew the purpose

16  of the agreement was to defraud the Government and joined in it

17  willfully, that is, with intent to defraud.  And third, that

18  one of the conspirators during the existence of the conspiracy

19  knowingly committed at least one of the overt acts described in

20  the indictment in order to accomplish some object or purpose of

21  the conspiracy.

22         Do you understand that those are the elements that the

23  Government would have to prove in order to convict you of

24  criminal conspiracy as alleged in Count 1?

25         THE DEFENDANT:  Yes, I do.

 1            THE COURT:  The next page sets forth the elements of

 2     the offense regarding the false statements.  And then the

 3     second page of that is conspirator's liability for Count 2.

 4     And let me go over the elements of the false statement.

 5            To be found guilty of this crime, the Government must

 6     prove each of the following beyond a reasonable doubt.  First,

 7     that the defendant submitted or caused to be submitted a false

 8     writing or document to the United States Department of Defense

 9     regarding the matter within its jurisdiction.  Second, that the

10     defendant submitted or caused to be submitted the false writing

11     or document knowing the same contained a false, fictitious, or

12     fraudulent statement or entry.  Third, that the false,

13     fictitious, or fraudulent statement or entry was material.

14     Fourth, that the defendant made the false statement for the

15     purpose of misleading the United States Department of Defense.

16            If you'll turn the page, this talks about the elements.

17     It's relative to Count 2 for a conspirator's liability.

18            A conspirator is responsible for offenses committed by

19     other conspirators if the conspirator was a member of the

20     conspiracy when the offense was committed and if the offense

21     was committed in furtherance of or as a foreseeable consequence

22     of the conspiracy.

23            Do you understand that those are all the elements that

24     would be required by -- that the Government would be required

25     to prove beyond a reasonable doubt in order for you to be

1    convicted of the charge that's in Count 2?

2              THE DEFENDANT:  Yes, I do, Your Honor.

3              THE COURT:  Has anybody put any pressure on you,

4    threatened you in any way, in order to get you to plead guilty

5    to these two charges?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  All right.  Other than what's set forth

8    in the plea agreement -- and we'll go over that in a minute.

9    But other than the agreement that's in that plea agreement, has

10   anybody made any promises to you to get you to plead guilty?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Are you pleading guilty to the offenses

13   of criminal conspiracy, Count 1, and making of false

14   statements, Count 2, because you are in fact guilty of those

15   offenses?

16             THE DEFENDANT:  Yes, I am, Your Honor.

17             THE COURT:  All right.  Let's look at the Plea

18   Agreement.  If y'all will turn to that.

19        And, Mr. Campbell --

20             MR. CAMPBELL:  Sir?

21             THE COURT:  -- while he is turning to the signature

22   page of the Plea Agreement, can you confirm for the Court how

23   many plea offers were extended by the Government?

24             MR. CAMPBELL:  Your Honor, I believe in the course of

25   negotiations, there were no more than two --

1          THE COURT:  All right.

2          MR. CAMPBELL:  -- offers that were extended.  And

3    what is before the Court today is a culmination of the

4    negotiations.

5          THE COURT:  All right.  And, Mr. Lawrence, for the

6    Defense, can you confirm that both of those plea offers were

7    passed on by you to Mr. Smith?

8          MR. LAWRENCE:  Yes, they were, Judge.

9          THE COURT:  All right.  And those plea offers

10   culminated in this plea agreement that we have before us right

11   now?

12         MR. LAWRENCE:  Yes, sir.

13         THE COURT:  All right.  The Court finds that all plea

14   offers have been properly conveyed to Mr. Smith.

15      Mr. Smith, on the Plea Agreement, I believe it is the last

16   page, is page 10.  Is that your signature on page 10?

17         THE DEFENDANT:  Yes, it is, Your Honor.

18         THE COURT:  All right.  Did you read this document,

19   this Plea Agreement, before you signed it?

20         THE DEFENDANT:  Yes, I did.

21         THE COURT:  All right.  Is there anything in here

22   that you did not understand?

23         THE DEFENDANT:  No, there is not, Your Honor.

24         THE COURT:  Is there anything that you believe is

25   wrong?

```
 1              THE DEFENDANT:  No, Your Honor.

 2              THE COURT:  All right.  I want to go over some of the

 3   key provisions in your Agreement.  I'm not going to read the

 4   entire thing into the record.

 5         Let's start with the information in Paragraph A1.  This

 6   Agreement says right here in writing that this is the only

 7   agreement that you have with the Government; that there are no

 8   side agreements, there's no oral agreements, there's no

 9   promises between you and the Government.  Is that correct that

10   this document in writing is the sole agreement between the

11   parties?

12              THE DEFENDANT:  Yes, it is, Your Honor.

13              MR. CAMPBELL:  Your Honor, if I may, I would like to

14   amend that.  Prior to the proceedings today, the defendant did

15   participate in a debriefing.  As part of our office standard

16   practice, we do a proffer agreement.

17              THE COURT:  All right.

18              MR. CAMPBELL:  So outside of that proffer agreement,

19   which is limited just to that debriefing, there are no others.

20              THE COURT:  All right.

21              MR. CAMPBELL:  I just want to make sure that is on

22   the record.

23              THE COURT:  All right.  So there was a proffer today

24   and that was pursuant to a proffer agreement.

25         But there are no unwritten or side agreements, Mr.
```

```
 1   Lawrence?

 2             MR. LAWRENCE:  That's correct, Judge.

 3             THE COURT:  All right.

 4        All right.  Paragraph B1, you're appearing in court to

 5   plead guilty to Count 1, criminal conspiracy; and Count 2, to

 6   false statements.

 7        Paragraph C1, in exchange for your guilty plea, the

 8   Government is agreeing to dismiss the remaining counts against

 9   you at your sentencing.  It's also agreeing that it will not

10   prosecute you for any other offenses that it knows about

11   arising out of this investigation.  Is that your understanding?

12             THE DEFENDANT:  Yes, it is, Your Honor.

13             THE COURT:  C2, the Government is moving that you

14   receive a one-point reduction in your offense level if it's 16

15   or greater because you have accepted responsibility and not

16   required the Government to go to trial.  So you will get the

17   benefit of that one-point reduction.

18        Let's see.  I want to jump -- Mr. Lawrence, if you would

19   jump to page 10, there is some disclosure of financial

20   information that I want to cover early on with Mr. Smith.

21        Mr. Smith in paragraph J, you're agreeing to disclose all

22   of your assets that you have any control over, to the

23   Government.  Do you understand that?  You're going to fully

24   disclose all of those assets?

25             THE DEFENDANT:  Yes, I do, Your Honor.
```

1          THE COURT:  In paragraph J2, you're agreeing to

2    provide a sworn financial affidavit within two weeks of your

3    guilty plea, and you're going to grant the Government full

4    access to your banking, your financial records.  And you're

5    also waiving your rights to financial privacy.

6          Do you understand that that's part of your plea?

7          THE DEFENDANT:  Yes, I do, Your Honor.

8          THE COURT:  In paragraph J3, you're giving permission

9    for the U.S. Attorney's Office to inspect and copy your

10   financial documents and information.

11         And in paragraph J4, you're authorizing the U.S. Attorney

12   to obtain a credit report regarding you, and to provide

13   whatever waivers or consents or releases that they may need in

14   order to access the financial information.  And those releases

15   will be valid for a period of 90 days from the date of the

16   sentencing.

17         Do you understand all of that?

18         THE DEFENDANT:  Yes, I do, Your Honor.

19         THE COURT:  All right.  Mr. Smith, have you discussed

20   the maximum punishment that you face, with your attorneys?  Do

21   you know the maximum amount of time that you face?

22         THE DEFENDANT:  Yes, I do, Your Honor.

23         THE COURT:  On Count 1, what is the maximum penalty

24   that you face?

25         THE DEFENDANT:  Five years, plus a $250,000 fine.

1          THE COURT:  All right.  And on Count 2, false

2     statements, what are the maximum penalties that you face?

3          THE DEFENDANT:  Five years and a $250,000 fine.

4          THE COURT:  All right.  So you've got five years and

5     $250,000 for both Count 1 and Count 2.  And the court can do

6     both of those things.  It can send you to prison for the full

7     term of up to five years -- the maximum term of five years --

8     plus the maximum fine.  You understand the court can do both of

9     those things as to Count 1 and both of those things as to Count

10    2?  You understand that?

11         THE DEFENDANT:  Yes, I do, Your Honor.

12         THE COURT:  And there's also a Crime Victim Fund that

13    you owe as of the date of your guilty plea, and that is $100

14    per count.  And you are pleading guilty to two counts, so as of

15    the date of this guilty plea, you will owe $200 to that fund.

16    Do you understand that?

17         THE DEFENDANT:  Yes, I do, Your Honor.

18         THE COURT:  One of the other documents that you

19    signed is Understanding of Maximum Penalty and Constitutional

20    Rights.

21        Let me get there.

22        All right.  This is a two-page -- yes, a two-page

23    document.  Is that your signature on page 2?

24         THE DEFENDANT:  Yes, it is, Your Honor.

25         THE COURT:  All right.  Did you read that document

1    before you signed it?

2              THE DEFENDANT:  Yes, I did, Your Honor.

3              THE COURT:  Did you understand everything that's in

4    there?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  All right.  Let's talk about supervised

7    release.

8         Paragraphs D4 and 5 -- well, all the way through 7, talk

9    about supervised release.  And it says:  On Count 1, that you

10   face a term of supervised release of not more than three years,

11   and Count 2, not more than three years.

12        Supervised release is in addition to any term of

13   imprisonment.  And it's similar to what is called parole in the

14   state system or in some other courts.  And supervised release

15   kicks in when you are released from any period of

16   incarceration.  So it has terms and conditions that govern your

17   behavior while you are on release, so if you violate those

18   terms and conditions, or if you commit another state, local, or

19   federal crime, your release can be revoked and you can be sent

20   back to prison for the full term of the supervised release

21   term.

22        So let's say, for example, you face up to three years on

23   both on Count 1 and Count 2.  So let's say, just as an example,

24   Judge Foote believes you should be on supervised release for

25   three years.  If Mr. Smith does everything he's supposed to do

1   for two and a half years and then the wheels fall off and you

2   get arrested for something in two and a half years into

3   supervised release, Judge Foote can revoke your supervised

4   release and send you to prison for the full term of the three

5   years' supervised release, whatever your term was, even though

6   you had successfully completed some of the supervised release.

7       Do you understand that?

8           THE DEFENDANT:  Yes, I do, Your Honor.

9           THE COURT:  All right.  Let's move to paragraph H for

10  now, on page 6.  This talks about your cooperation with the

11  Government.

12      Do you understand that as part of your agreement you will

13  be required to cooperate with the Government and testify at any

14  grand jury or trial that they may request of you?

15          THE DEFENDANT:  Yes, I do, Your Honor.

16          THE COURT:  And that you are required to testify and

17  provide information truthfully; and if you do not do so, you

18  are subject to penalties for perjury or for the making of false

19  statements.  And in addition to those additional penalties, the

20  Government would have the right to withdraw from the plea.  Do

21  you understand that?

22          THE DEFENDANT:  Yes, I do, Your Honor.

23          THE COURT:  Paragraph H3, you are being offered use

24  immunity for prospective statements, future statements to law

25  enforcement and agents and testimony that you give as a result

1   of this plea agreement; but again, the testimony is subject to

2   penalties for perjury or the making of false statements if they

3   are not truthful.  And again, the Government can withdraw from

4   the plea offer if you make false statements or substantially

5   misrepresent your role in this offense.  Do you understand

6   that?

7           THE DEFENDANT:  Yes, I do, Your Honor.

8           THE COURT:  All right.  And paragraph H4 through 7

9   talks about substantial assistance.  The agreement states that

10  the Government has the option of requesting that Judge Foote

11  reduce your sentence in the event the Government believes you

12  were providing the Government with substantial assistance.

13  Now, that's completely up to the Government to determine

14  whether they want to ask the Court for such a reduction.  Your

15  lawyers cannot make them do that; Judge Foote can't make them

16  do that.  That's the Government's call as to whether you have

17  provided substantial assistance and whether they're going to

18  make that motion with the Court to reduce your sentence.

19  That's solely up to the Government.  And even if the Government

20  does ask for a reduction, it's going to be up to Judge Foote to

21  determine whether and to what extent your sentence should be

22  reduced for that substantial assistance.

23      Do you understand that?

24          THE DEFENDANT:  Yes, I do, Your Honor.

25          THE COURT:  All right.  Let's look at paragraph --

 1   well, let's see.  Let's go back to paragraph D8.  It says:  In

 2   addition to the maximum penalties set forth in the preceding

 3   paragraphs, the Court shall order restitution in your case.

 4       Do you understand that restitution is something that is

 5   going to be determined by Judge Foote and imposed as part of

 6   your sentence?

 7            THE DEFENDANT:  Yes, I do, Your Honor.

 8            THE COURT:  Now, there is a later section in the plea

 9   agreement, section F, that contains a nonbinding restitution

10   recommendation to Judge Foote.

11       Paragraph F1 says:  The Government and David Smith

12   recommend that Smith be assessed restitution of $35,398,761, to

13   be made payable to the victim, the United States Government.

14   The Government and Smith acknowledge that the restitution

15   recommendation of these parties is not binding on the Court,

16   and that restitution shall be determined by the Court.  You

17   acknowledge that the Court may order restitution be joint and

18   several with the other defendants in the case.

19       So you and the Government may have agreed on what you

20   think is a good number for restitution, but you understand that

21   Judge Foote is not bound by that?

22            THE DEFENDANT:  Yes, I do, Your Honor.

23            THE COURT:  And do you understand that it's -- the

24   liability may be joint and several with any co-defendants; in

25   other words, a joint and several obligation is one that you may

1    be required to pay all of it.  The Government may decide not to

2    chase Defendant 2 or 3 or 4 -- the Government, if the

3    obligation is joint and several, you can be made to pay the

4    whole.  Do you understand that?

5                 THE DEFENDANT:  Yes, I do, Your Honor.

6                 THE COURT:  All right.  And right above, in Section

7    E, there is a section on the amount of the loss.  And you and

8    the Government have -- are recommending to Judge Foote that you

9    be assessed a loss of $8,684,722.25 under the Federal

10   Sentencing Guidelines.

11        It also says that you and the Government acknowledge that

12   this loss recommendation is not binding on Judge Foote and that

13   the loss amount is going to be something that is determined by

14   the Court.

15        Is all of that correct, sir?

16                THE DEFENDANT:  Yes, it is, Your Honor.

17                THE COURT:  Do you understand that with the help of

18   Probation during the presentence investigation that Probation

19   is going to work with Judge Foote, and Judge Foote is going to

20   come up with her own loss determination, which may be more or

21   less than this number here.  But it's going to be a number that

22   is solely up to Judge Foote, based on her determination of the

23   facts, and that she need not follow your recommendation.  Do

24   you understand that?

25                THE DEFENDANT:  Yes, I do, Your Honor.

1           THE COURT:  All right.  Let's turn to page 4,

2    paragraph 9.  There's a few other special fine provisions I

3    want to mention to you.  In paragraph 9, you're waiving any

4    defense or objection to any action to enforce the collection of

5    the financial obligations that will be imposed on you by the

6    Government.  Do you understand that you are waiving those

7    defenses and objections?

8           THE DEFENDANT:  Yes, I do, Your Honor.

9           THE COURT:  All right.  And paragraph 10 says that

10   any fine or restitution that's imposed as part of your sentence

11   is going to be due and payable immediately.  Due and payable

12   immediately.

13       And again, you'll be held liable for restitution jointly

14   and severally with co-defendants.  Jointly and severally.

15   Again, that means they can come after you instead of the

16   others.  That's what "joint and several" means.  And that any

17   income tax refund that may be owed to you will be taken by the

18   Government to apply to any outstanding financial obligations

19   that you have.  Do you understand that those special fine

20   provisions apply to you?

21          THE DEFENDANT:  Yes I do, Your Honor.

22          THE COURT:  All right.  Let's go to section D which

23   talks about the global disposition.  You have this case pending

24   in federal court and you have another case pending in state

25   court; is that right?

1          THE DEFENDANT:  Yes, I do, Your Honor.

2          THE COURT:  You're acknowledging in paragraph D that

3     the pending state case of *State of Louisiana versus David Smith*

4     is not part of this plea agreement.  The State of Louisiana is

5     not a party to this agreement.  This is an agreement between

6     the United States of America and David Smith.  Do you

7     understand that?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  So neither the State nor the district

10    attorney for the State is a party, and -- but nonetheless,

11    you're telling the Court in this agreement that the district

12    attorney has in fact reached an agreement with you to dispose

13    of the pending state case as part of some global disposition.

14    Is that correct?

15         THE DEFENDANT:  Yes, it is, Your Honor.

16         THE COURT:  Do you understand that Judge Foote is not

17    bound by anything the state court is willing to do or not

18    willing to do?  Judge Foote's got this federal case and that's

19    what she's going to be focused on, is this federal case and

20    your sentencing.  Do you understand?

21         THE DEFENDANT:  Yes, I do, Your Honor.

22         THE COURT:  Paragraph G2 says that you and the

23    Government recommend to Judge Foote that any sentence imposed

24    by her be ordered to run concurrent with any sentence imposed

25    by the State matter.  This is a recommendation only.  Judge

```
 1   Foote is not bound to follow this and she may not want to run
 2   them concurrent; she might want to run them consecutive.  But I
 3   want you to know that this recommendation is not binding on
 4   Judge Foote.  Are we clear about that?
 5            THE DEFENDANT:  Yes, we are, Your Honor.
 6            THE COURT:  All right.  Mr. Lawrence and Mr. Stahl,
 7   I'm going to switch gears now and talk about the presentence
 8   investigation and the federal sentencing guidelines.  But
 9   before I do, are there any key provisions of the plea agreement
10   that I have overlooked that you believe bear mentioning and
11   reviewing with Mr. Smith in open court?
12            MR. LAWRENCE:  No, sir, I don't.
13            THE COURT:  All right.
14       Mr. Campbell?
15            MR. CAMPBELL:  No, sir.
16            THE COURT:  All right.
17       All right.  Mr. Smith, we've gone over the possible
18   penalties that you face, but it's important that you understand
19   that I will not be able to tell you today what your sentence is
20   going to be.  Before Judge Foote can impose a sentence in your
21   case, there has to be a presentence investigation, and that's
22   done by the U.S. Probation Office.
23       Ms. Milhouse, are you going to be the officer assigned?
24            PROBATION OFFICER:  No, Your Honor.  This case will
25   be assigned to an officer in Alexandria.
```

 1          THE COURT:  Okay.  All right.

 2      I don't yet know who that probation officer will be, but

 3  they will be in touch with you.  The Probation Office

 4  presentence investigation is going to look into -- will be a

 5  careful examination into your background: where you grew up,

 6  where you went to school, where is your family, your job,

 7  employment, business history, and all of that.  It'll also look

 8  and see if there's any particularly aggravating or mitigating

 9  circumstances in the case.  It will also look at your criminal

10  history, if you have any.

11      And as a result of your presentence investigation, the

12  Probation is going to prepare the Presentence Report.  And part

13  of that Presentence Report is to determine what your offense

14  level is.  The more serious the offense, the higher the offense

15  level is.  It'll also look at your criminal history.  The

16  further -- the more criminal history you have, the higher

17  criminal history category you have.

18      Right there in front of you is this blue sheet.  It's

19  called the sentencing table.  The offense level is on the far

20  left, going down the page starting at 1, and going all the way

21  down to 43.  You can see that the numbers and months off to the

22  side, the offense level goes up, those numbers in months,

23  recommended months of imprisonment, those also go up.  Do you

24  see that?

25          THE DEFENDANT:  Yes, I do.

1          THE COURT:  All right.  Now, the Probation Office is

2     going to determine what your offense level is based on the

3     offense and any adjustments that need to be made to it.  And

4     then Probation, in the Presentence Report, is also going to

5     determine what your criminal history category is.  So criminal

6     history category I is little or no criminal history, but

7     criminal history VI is more criminal history.  So as you have

8     more criminal history points, you go further to the right on

9     the page.  And as you move to the right -- as you move down and

10    as you move to the right, the recommended range of punishment

11    in months gets larger.  Do you see that?

12          THE DEFENDANT:  Yes, I, do, Your Honor.

13          THE COURT:  So Probation is going to determine the

14    offense level, they're going to determine the criminal history,

15    and at some point, those two lines are going to intersect on

16    this chart, and that will be David Smith's recommended range of

17    punishment under the federal sentencing guidelines.  Do you

18    understand that?

19          THE DEFENDANT:  Yes, I do, Your Honor.

20          THE COURT:  Now, those guidelines are advisory only.

21    They are recommendations; they're advisory only.  Judge Foote

22    can go below the guideline range if she believes that that's

23    appropriate to do so, or she can go above the guideline range

24    if believes that's what the appropriate thing to do in your

25    case is.  And she can go above those guidelines all the way to

1  the maximums we discussed a few minutes ago.  Do you

2  understand?

3             THE DEFENDANT:  Yes, I do, Your Honor.

4             THE COURT:  Now, you are represented by very

5  competent defense counsel, and they may have given you the

6  benefit of their experience and their research in trying to

7  determine where you fall on this chart.  And if they did,

8  that's fine.  They can do that.  But I want you to know that

9  that's just their best guess, that they really don't know.  You

10 won't know where you fall on this chart until Judge Foote makes

11 that announcement at your sentencing.

12     Do you understand that?

13            THE DEFENDANT:  Yes, I do, Your Honor.

14            THE COURT:  The bottom line is that there's no

15 promises or no guarantees about what your sentence is going to

16 be.  Do you understand that?

17            THE DEFENDANT:  Yes, I do, Your Honor.

18            THE COURT:  And if the sentence handed down by Judge

19 Foote is more severe than you had hoped for, you are not going

20 to be allowed to withdraw this plea agreement because you are

21 unhappy with the sentence.  Do you understand that?

22            THE DEFENDANT:  Yes, I do.

23            THE COURT:  Let's turn to the written Factual Basis.

24 All right.  This document is called the Agreed Upon Factual

25 Basis.  It consists of a total of 12 pages.  Is that correct,

```
 1    Mr. Lawrence?

 2              MR. LAWRENCE:  That is, Judge.

 3              THE COURT:  All right.  And on page 12, Mr. Smith, is

 4    that your signature?

 5              THE DEFENDANT:  Yes, it is, Your Honor.

 6              THE COURT:  Mr. Lawrence, is that your signature?

 7              MR. LAWRENCE:  Yes, sir.

 8              THE COURT:  Mr. Stahl, is that yours?

 9              MR. STAHL:  Yes, sir.

10              THE COURT:  All right.  Mr. Smith, did you read this

11    agreed factual basis before you signed it?

12              THE DEFENDANT:  Yes, I did.

13              THE COURT:  There were a few what I consider minor

14    changes made to the document over the course of today, that a

15    few words were taken out and -- but the version here that we

16    have here in front of us right now that bears your signature,

17    is everything that is in this document correct?

18              THE DEFENDANT:  Yes, it is.

19              THE COURT:  All right.  Mr. Smith, I've gone over the

20    penalties that you face, the rights that you have, the rights

21    that you're waiving by entering a guilty plea, consequences of

22    what you're doing.  After having advised you of all that, is it

23    still your desire to enter a guilty plea to Count 1, criminal

24    conspiracy, and Count 2, false statements as set forth in your

25    plea agreement?
```

1          THE DEFENDANT:  Yes, it is, Your Honor.

2          THE COURT:  Based on the agreed upon written factual

3    basis and based on your answers to my questions under oath, I

4    find that Mr. Smith is competent to enter the guilty plea.

5    Mr. Smith is -- there is no question in my mind regarding that.

6    He is very responsive, very attentive, and I have no doubts

7    regarding his competency.

8        I find that Mr. -- that the plea agreement has been

9    properly executed, signed, and filed.

10       I find that there's a factual basis to support the charges

11   in Count 1 and Count 2 to which Mr. Smith is pleading guilty.

12       I find that Mr. Smith is entering the guilty plea freely

13   and voluntarily, with a full understanding of the nature of

14   these charges and the maximum penalties that he faces.

15       And I find that Mr. Smith is making a knowing and

16   voluntary waiver of his right to a jury trial with the full

17   assistance of his counsel.

18       I also find that the Plea Agreement sets forth the entire

19   agreement between the parties.  There are no unwritten side

20   agreements.  Therefore, I accept Mr. Smith's guilty plea and

21   recommend to Judge Foote that she also accept your guilty plea.

22       Mr. Lawrence, on behalf of the Defense do you have any

23   objections to the Court's recommendation?

24          MR. LAWRENCE:  No objections, Judge.

25          THE COURT:  Mr. Campbell?

```
 1              MR. CAMPBELL:  No, sir.

 2              THE COURT:  All right.  I order the Probation Office

 3    to conduct a presentence investigation.

 4         Mr. Smith, I urge you to cooperate fully with Probation in

 5    the preparation of that report because that's the information

 6    that Judge Foote needs when she comes back into court with you

 7    for sentencing in order to render the most just sentence

 8    possible.

 9         We are going to not set a sentencing date at this time.

10    Mr. Campbell, Mr. Lawrence, Mr. Stahl, y'all will keep the

11    Court informed about the appropriate time for that, won't you?

12              MR. LAWRENCE:  Yes, sir.

13              MR. STAHL:  Yes, sir.

14              THE COURT:  All right.  I ask, Ms. Simpson, if you

15    will kindly transcribe these proceedings and deliver the

16    transcript directly to me so at the time of that, I can prepare

17    the appropriate orders for Judge Foote to adopt the

18    recommendation for the guilty plea if she finds everything

19    appropriate.

20         All right.  Do we need to -- is the Marshal present?  Do

21    we need to process Mr. Smith?

22         There's no Marshal?  Okay.

23         All right.  Well, Mr. Lawrence, I take it that's not

24    necessary or they would be sitting in here.

25         What else, Mr. Lawrence or Mr. Stahl, do we need to put on
```

1    the record for Mr. Smith's guilty plea?

2           MR. LAWRENCE:  He has his $200 that's due and payable

3    today.

4           THE COURT:  All right.  Take that to Clerk.  Anything

5    else, Mr. Lawrence?

6           MR. LAWRENCE:  No, sir.

7           THE COURT:  Anything else, Mr. Campbell, that needs

8    to be put on the record for the guilty plea of Mr. Smith?

9           MR. CAMPBELL:  No, sir.  It's my understanding that

10   he's on pretrial personal release.

11          THE COURT:  Right.  Sometimes the Marshal comes in

12   for processing at a guilty plea just so that they can take his

13   picture; but I trust if they are not in here, it's not

14   necessary.

15          MR. CAMPBELL:  I have not been made aware of any

16   issues.  And it's my understanding includes that his

17   supervision is not going to be local --

18          THE COURT:  I'm not suggesting that there was or were

19   any problems with it.  I just said if they were here and needed

20   to take his picture, then I felt sure that would be fine.

21          MR. CAMPBELL:  We have no objections to --

22          THE COURT:  Very good.

23     Mr. Lawrence, Mr. Stahl, thank you, sir.

24     Mr. Smith, thank you and good luck to you.

25     Thank you, Mr. Campbell.  Court's adjourned.

1          MR. LAWRENCE:  Thank you, Judge.

2          MR. STAHL:  Thank you, Your Honor.

3               (Court adjourned at 2:45 p.m.)

4

5

6

7

8                         CERTIFICATE

9          I, Barbara A. Simpson, RPR, CRR, Federal Official
   Court Reporter, do hereby certify this 25th day of January,
10  2018, that the foregoing is, to the best of my ability and
   understanding, a true and correct transcript of proceedings had
11  in the above-entitled matter.

12  _____/s/ Barbara A. Simpson

13

14

15

16

17

18

19

20

21

22

23

24

25